# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUTBERTO HARO RAMIREZ,<br><br>                    Petitioner,<br><br>         v.<br><br>HECTOR RIOS, et.al.,<br><br>                    Respondents.           / | 1:08-cv-01604 SMS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>[Docs. 1, 17] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 3, 4.)

BACKGROUND

Petitioner is currently in the custody at the United States Penitentiary in Atwater, California, following his conviction and sentence on February 29, 2000, in the United States District Court for the Central District of California, to a term of 188 months for a violation of 21 U.S.C. § 841, Distribution and Possession with Intent to Distribute Cocaine, a Controlled Substance. Petitioner was committed to the custody of the Bureau of Prisons (BOP) as of March 24, 2000, and has a projected release date of December 4, 2012, via Good Conduct Time Release. See SENTRY Public Information Inmate Data, Exhibit 1, to Answer.

Petitioner filed the instant petition for writ of habeas corpus on October 23, 2008, and contends that the BOP has failed to establish the necessary programming to achieve the goals for

pre-release custody classification pursuant to the Second Chance Act of 2007, Public Law No. 110-199.

On March 30, 2009, Respondent filed a motion to dismiss the petition. (Court Doc. 17.) Petitioner did not file a response.

Respondent argues that Petitioner's challenge is not cognizable via § 2241, and Petitioner failed to exhaust the available administrative remedies.

DISCUSSION

I. Subject Matter Jurisdiction

Respondent initially argues that Petitioner is not entitled to relief under § 2241 because his challenge does not involve the fact or duration of his confinement.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

The instant petition for writ of habeas corpus seeks a "DECLARATORY JUDGMENT" to direct the BOP to make certain "incentives" and "Skills Development Programming" pursuant to the Second Chance Act of 2007 available to him and other inmates at the Atwater Penitentiary. The denial of access to programming does not impact the fact or duration of Petitioner's sentence, and does not give rise to a claim for which habeas relief can be granted. Accordingly, this Court does not have subject matter to review the instant challenge under section 2241, and the petition must be dismissed. Because the Court finds that Petitioner's challenge is not cognizable via § 2241, the Court need not and does not address Respondent's argument relating

to exhaustion of the administrative remedies.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction; and,

2. The Clerk of Court is directed to terminate this action in its entirety.

IT IS SO ORDERED.

**Dated:     May 15, 2009**           /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE